### 20442

SOUTHERN BANK AND TRUST COMPANY, Respondent, v. WILLIAMSTON PANTS COMPANY, INC., Salem Manufacturing Company, Inc., N. A. Goldmon & Company, Martin Bolonkin, Alan Gardner, Allen Goldmon and Emery Klineman, Defendants, of which Martin Bolonkin is, Appellant.

(235 S. E. (2d) 299)

*Messrs. J. Brantley Phillips, Jr., O. Jack Taylor, Jr.,* and *Michael J. Giese,* of *Leatherwood, Walker, Todd & Mann,* Greenville, *for Appellant,* 

*Harold P. Threlkeld, Esq.,* of *Jones, McIntosh, Threlkeld, Newman & Cox,* Anderson, *for Respondent,* 

May 26, 1977.

*Per Curiam:*

Southern Bank and Trust Company commenced this action against the makers and several guarantors of eleven promissory notes aggregating approximately $175,000. The complaint alleged that three corporations, Williamston Pants Company, Inc., Salem Manufacturing Company, Inc., and N. A. Goldmon and Company, were the primary obligors on the eleven notes, it being specified which corporations joined to execute or which corporation separately executed each note. Four individual defendants were alleged to have executed written guarantees for the corporate obligations.

Martin Bolonkin, the appellant herein and one of the individual defendants, in his amended answer and cross-claim, generally denied any obligation to the bank and asserted, as affirmative defenses, that the bank had entered into an agreement, denominated the "Braxton Agreement," which was champertous in nature and which provided it with payment in full. Appellant further asserted that the bank had failed to pursue other collateral it held as security for the indebtedness, which is maintained to be an impairment of his right of recourse to other collateral and guarantors. This appeal is from an order dated October 21, 1976, which granted summary judgment against the appellant in the principal amount of $175,171.12 together with interest at the rate of $8\frac{1}{2}\%$ plus an attorney's fee of $10\%$ of the principal with interest and the costs of the action.

We are of the opinion that the order of summary judgment must be reversed. Appellant's name does not appear as maker or guarantor, or in any capacity, on three of the notes, which were executed December 22, 1975 only by Salem Manufacturing Company, Inc. The only continuing guaranty agreement in the record between the appellant and the bank for the obligations of Salem Manufacturing Company, Inc. contains the following notation: "Effective through February 28, 1975, at which time will be reviewed again." Appellant's affidavit in opposition to the motion for summary judgment states that it was the intention of the parties that the guaranty agreement terminate at that time.

The notation on the document and appellant's sworn statement create at least a genuine issue of fact as to whether appellant had effectively guaranteed the three aforementioned notes. Accordingly, the order of summary judgment is reversed and the case remanded for further proceedings. We express no opinion on the merits of the other issues presented by this appeal.

GREGORY, J., not participating.